Filing # 72232071 E-Filed 05/16/2018 01:42:28 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO. 18- 016303 CA 01

MATIAS NAVARRO

    Plaintiff,

v.

CRYSTAL CRUISES, LLC and
INTERNATIONAL CRUISE
SERVICES, LTD. (BAHAMAS)

    Defendants
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

1. This is an action seeking damages in excess of $15,000.00.

2. Defendants, at all times material hereto, personally or through an agent;

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Were engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

3. Defendants are subject to the jurisdiction of the Courts of this state.

1



4. The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. Section 30104, and the General Maritime Law of the United States.

5. At all times material hereto, Defendant CRYSTAL CRUISES, LLC owned, operated, managed, maintained and/or controlled the vessel Crystal Serenity. This vessel was registered in a flag of convenience country.

6. At all times material hereto, Plaintiff's employer was an agent of the shipowner and/or ship operator.

7. Defendants waived any rights they may have had to arbitration.

## COUNT I
## JONES ACT NEGLIGENCE

8. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through six as though they were originally alleged herein.

9. On or about May 21, 2015, Plaintiff was employed by Defendant INTERNATIONAL CRUISE SERVICES, LTD. (BAHAMAS) as a seaman and was a member of the Defendant CRYSTAL CRUISES, LLC's vessel's crew. The vessel was in navigable waters.

10. It was the duty of Defendant to provide Plaintiff with a safe place to work.

11. On or about the above referenced date, Plaintiff was injured while aboard the vessel as follows: Plaintiff was injured due to repetitive and/or heavy lifting while working, including lifting and carrying of mattresses and trays. After Plaintiff was injured, Defendant required him to continue repetitive and/or heavy lifting duties and did not provide him with prompt, proper, or adequate medical treatment which caused him injuries and/or aggravated his injuries.

12. Plaintiff's injuries are due to the fault and negligence of Defendant, and/or its

agents, servants, and/or employees as follows:

    a. Failure to use reasonable care to provide and maintain a proper and adequate machinery, crew and equipment;

    b. Failure to use reasonable care to provide Plaintiff a safe place to work;

c. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel.

d. Failure to use reasonable care to provide Plaintiff a safe place to work due to: 1. Required Plaintiff to lift items which were too heavy for one person to safely lift, and/or; 2. Failed to warn the Plaintiff of the dangers of doing repetitive heavy lifting and/or heavy lifting and/or repetitive lifting, and/or; 3. Failed to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting and/or heavy lifting and/or repetitive lifting; and/or 4. Failed to provide adequate manpower to perform the work assigned to Plaintiff; and/or 5. Failed to provide Plaintiff with sufficient trolleys and/or mechanical devices to assist him with respect to heavy lifting and/or repetitive heavy lifting; 6. Created a working environment where crew members are discouraged and/or unable to assist each other with duties, and/or 7. Perpetuating a working environment where crew members are discouraged and/or unable to assist each other in work duties, and/or 8. Failed to provide Plaintiff with adequate safety devices, proper lifting belt or other similar back support device, all of which caused Plaintiff to become injured. After Plaintiff became injured: 9. Defendant required Plaintiff to continue repetitive lifting and/or heavy lifting duties; and/or 10. Sent Plaintiff back to work after his injury on pain killers, and/or 11. Required the Plaintiff to work with an injury, and/or 12. Sent Plaintiff back to work

after his initial injury while still injured and on pain killers, and/or 13. Created a work environment where crew members are encouraged to return to work with injuries, and/or 14. Required the Plaintiff to do heavy and/or repetitive lifting while injured, and/or 15. Failed to warn Plaintiff of the dangers of working with an injury, and/or 16. Failed to warn Plaintiff of the dangers of working injured on pain killers, 17. Failed to properly diagnose and/or treat Plaintiff's injuries; and/or 18. Failed to provide Plaintiff with prompt, proper and adequate medical treatment, all of which further injured Plaintiff and/or aggravated Plaintiff's injuries.

e. Failure to provide adequate instruction, and supervision to crew members and Plaintiff;

f. Failure to provide prompt, proper, and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and disability;

g. Failure to provide Plaintiff and other crew members who were associated with plaintiff or plaintiff's incident giving rise to this action, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties. Defendants employees are overworked to the point of fatigue.

h. Defendant have failed to learn and apply the common and well known principles of industrial ergonomics on board the vessel;

i. Defendant used outmoded work methods and procedures and neglected modern material handling techniques;

j. Defendant failed to train workers properly, such as Plaintiff and the work crews are undersized. As a result Defendant is having small work crews doing jobs traditionally handled by larger crews;

k. Defendant failed to provide Plaintiff with mechanized aids commonly available in other heavy industries.

l. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident;

m. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work.

n. Prior to Plaintiff's accident Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard.

o. Defendant failed to perform an adequate pre-employment physical on Plaintiff so as to determine the dangers to Plaintiff of working on the vessel.

p. Defendants failed to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147.

q. Defendants failed to select and utilize competent, skilled and properly trained medical care providers with proper and adequate medical equipment with respect to the Plaintiff's medical care.

r. Defendants failed to provide plaintiff with enough sleeping time so as to cause plaintiff and the other crew members on the vessel the same physical and mental impairments as being drunk. These type of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57:649-655 (October 2000).

s. Defendants failed to properly medically manage Plaintiff's medical care after Plaintiff was injured.

t. At all times material hereto, Defendant negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the Plaintiff to be injured.

13. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

14. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II
## UNSEAWORTHINESS

15. Plaintiff realleges, incorporates by reference and adopts paragraphs one through fourteen as though they were originally alleged herein.

16. On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendant's vessel, which was in navigable waters.

17. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant.

18. Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

19. On or about the previously stated date the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

a. The vessel was unsafe and unfit due to the conditions created by Defendant as follows: 1. Required Plaintiff to lift items which were too heavy for one person to safely lift, and/or; 2. Failed to warn the Plaintiff of the dangers of doing repetitive heavy lifting and/or heavy lifting and/or repetitive lifting, and/or; 3. Failed to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting and/or heavy lifting and/or repetitive lifting; and/or 4. Failed to provide adequate manpower to perform the work assigned to Plaintiff; and/or 5. Failed to provide Plaintiff with sufficient trolleys and/or mechanical devices to assist him with respect to heavy lifting and/or repetitive heavy lifting; 6. Created a working environment where crew members are discouraged and/or unable to assist each other with duties, and/or 7. Perpetuating a working environment where crew members are discouraged and/or unable to assist each other in work duties, and/or 8. Failed to provide Plaintiff with adequate safety devices, proper lifting belt or other similar back support device, all of which caused Plaintiff to become injured. After Plaintiff became

injured; 9. Defendant required Plaintiff to continue repetitive lifting and/or heavy lifting duties; and/or 10. Sent Plaintiff back to work after his injury on pain killers, and/or 11. Required the Plaintiff to work with an injury, and/or 12. Sent Plaintiff back to work after his initial injury while still injured and on pain killers, and/or 13. Created a work environment where crew members are encouraged to return to work with injuries, and/or 14. Required the Plaintiff to do heavy and/or repetitive lifting while injured, and/or 15. Failed to warn Plaintiff of the dangers of working with an injury, and/or 16. Failed to warn Plaintiff of the dangers of working injured on pain killers, 17. Failed to properly diagnose and/or treat Plaintiff's injuries; and/or 18. Failed to provide Plaintiff with prompt, proper and adequate medical treatment, all of which further injured Plaintiff and/or aggravated Plaintiff's injuries.

b. The vessel was not reasonably fit for its intended purpose;

c. The vessel's crew was not properly trained, instructed or supervised;

d. The vessel did not have a fit crew;

e. The vessel did not have adequate manpower for the task being performed;

f. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

20. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and

Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III
## FAILURE TO PROVIDE MAINTENANCE AND CURE

21. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through twenty as though they were originally alleged herein.

22. On or about the previously stated date, Plaintiff while in the service of the vessel as a crew member was injured.

23. Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant, until he is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage whichever is longer.

24. Defendant did not timely diagnose and/or treat Plaintiff's injuries and required him to continue to work injured. Defendant failed to provide Plaintiff with prompt, proper and adequate medical treatment for his injuries and other injuries/illnesses developed while in the service of the vessel. Defendant failed to authorize and/or provide Plaintiff with medical treatment recommended by his medical care providers. Defendant failed to provide Plaintiff with timely maintenance and cure benefits. Defendant prematurely terminated

Plaintiff's maintenance and cure benefits. Defendant failed to re-instate Plaintiff's maintenance and cure benefits.

25. Defendant willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition Defendant is late in paying the maintenance and cure.

26. Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Further Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys fees and demands jury trial of all issues so triable.

## COUNT IV
## FAILURE TO TREAT

27. Plaintiff realleges, incorporates by reference and adopts paragraphs one through twenty-six as though originally alleged herein.

28. On or about the previously stated date, Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

29. It was the duty of Defendant to provide Plaintiff with prompt, proper and adequate

medical care.

30. Defendant through the ship's physicians, and/or shoreside physicians and nurses negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

    a. Defendant not giving Plaintiff adequate and prompt medical care after his initial injury and/or when he reported pain and problems from injury; and/or

    b. Defendant sending Plaintiff back to work after he became injured which aggravated his injuries and made them worse, and/or

    c. Defendant sending Plaintiff back to work on pain killers after he became injured which aggravated his injuries and made them worse, and/or

    d. Defendant not adequately diagnosing the Plaintiff, which led to inadequate care, all of which aggravated his condition and/or

    e. Failing to authorize and/or provide Plaintiff with medical treatment recommended by his medical care providers, and/or

    f. Failing to follow the doctor's recommendations for Plaintiff's treatment and/or rest and/or restrictions.

    g. Defendant prematurely terminating Plaintiff's medical care and not providing him with all the recommended medical care.

31. As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged.

32. In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

33. This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic Richfield Company, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT V
## BREACH OF CONTRACT

34. Plaintiff realleges, incorporates by reference and adopts paragraphs one through thirty-three as though originally alleged herein.

35. Plaintiff and Defendant entered into an employment contract which incorporated a Collective Bargaining Agreement.

36. Pursuant to the contract, Plaintiff is entitled to, regardless of fault: medical treatment, maintenance, monthly total guaranteed wages, monthly guaranteed sick wages of at least $1,600 USD a month, merit pay, up to 130 days after sign off. (See Article 22).

37. According to the CBA, Article 25 – Disability, "A Seafarer whose ability to perform his/her specific duties on board and whose degree of disability is assessed to be 50% or more shall, for the purpose of this Article, be regarded as permanently unfit for further sea service and shall therefore be entitled to 100% disability compensation.

38. Dr. Mendoza placed Plaintiff at 60% disability.

39. Mr. Navarro is entitled to 100,000 USD pursuant to the CBA.

40. Defendants have failed to provide Plaintiff with the disability benefit and has failed to comply with the other contractual obligations.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

MEISTER LAW, LLC
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, Florida 33130
Phone: (305) 590-5570
Fax: (305) 675-3787
*Attorney for Plaintiff*

BY: s/TonyaJMeister
TONYA J. MEISTER
FLORIDA BAR NO.: 0629243